Irene STELLY, Wife of/and
Gorchin Stelly

v.

UNITED STATES of America.

Civ. A. No. 84–0086.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Aug. 7, 1986.

Warren J. Pickle, New Orleans, La., for plaintiffs.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

VERON, District Judge.

Plaintiffs Irene and Gorchin Stelly allege that, in 1980 and 1981, the United States Army Corps of Engineers negligently operated several locks and flood control structures which are part of the Mermentau River and Tributaries Project in Vermilion Parish, Louisiana, causing salt-water infiltration into fresh-water canals which resulted in damage to plaintiffs' crops, crawfish production and cattle-grazing lands. Plaintiffs sued the United States, the Department of the Army and the Army Corps of Engineers, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. In December 1984, this Court dismissed the named defendants, the Department of the Army and the Army Corps of Engineers, because the United States was the only proper party defendant under 28 U.S.C. §§ 1346(b) and 2671 et seq. This Court, also at that time, granted defendant United States' Motion for Summary Judgment on the basis of the Fifth Circuit case of *James v. United States*, 740 F.2d 365 (5th Cir.1984) which held that the United States has immunity in such cases because Section 3 of the Flood Control Act of 1928, 33 U.S.C. § 702c (1976) which provides that "no liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters...."

Plaintiffs appealed the granting of summary judgment to the United States Fifth Circuit Court of Appeal. The Fifth Circuit vacated this Court's summary judgment and remanded this matter for further proceedings. *Stelly v. United States, et al,* 770 F.2d 163 (5th Cir.1985). The Fifth Circuit in the interim period had reversed its stance in *James*, 740 F.2d 365, and narrowed the scope of 33 U.S.C. § 702c immunity. In *James v. United States*, 760 F.2d 590 at page 602 (5th Cir.1985), the Fifth Circuit explained:

[S]ection 702c shields the government from liability only for damage due to the floodwaters or to fault in the management of floodwaters, either in the planning or in the execution of the flood control project, and only when flood control purposes underlie the conduct faulted.... If a producing cause of the damage or injury is a government employee's negligence in omissions or commissions that diverge from acts strictly for the

purpose of controlling floods or floodwaters, and the presence or movement of water for flood control purposes merely furnishes a condition of the accident, there is no section 702c immunity.

The Supreme Court of the United States granted a writ of certiorari in *James.*

This Court then stayed the proceedings in the instant matter pending the decision of the Supreme Court of the United States in *James, supra.*

The Supreme Court, in *United States v. James,* — U.S. ——, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986), reversed the Fifth Circuit's holding. In holding that the United States is immune from suit in these cases, the Supreme Court stated that:

"[legislative history] show[s] that the sweeping language of § 702c was no drafting inadvertence. See *National Mfg. Co. v. United States,* 210 F.2d 263, 270 (CA8), *cert. denied,* 347 U.S. 967 [74 S.Ct. 778, 98 L.Ed. 1108] (1954). Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the government from 'any' liability associated with flood control. As the Court of Appeals for the Eighth Circuit explained three decades ago in *National Mfg.,* § 702c's language 'safeguarded the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language.' 210 F.2d, at 270. The equally broad and emphatic language found in the legislative history shows that Congress understood what it was saying." *United States v. James,* — U.S. at ——, 106 S.Ct. at 3123.

The United States now reurges its Motion for Summary Judgment in the instant matter. Certainly in light of the Supreme Court's recent clarification of § 702c, this Court can find that the United States is immune from liability to plaintiffs for any damages associated with flood control. Therefore, the Motion for Summary Judgment is GRANTED and plaintiff's suit is dismissed with prejudice.

Costs of this proceeding are taxed to plaintiffs.